IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

| | |
|---|---|
| SALLY HALTERMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:11-CV-521 |
| § | |
| UNITED PARCEL SERVICE, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sally Halterman respectfully comes before this Court and asserts the following factual allegations and causes of action against Defendant United Parcel Service, Inc.

I.   DISCOVERY

1.1   Plaintiff pleads that discovery in this matter shall be conducted pursuant to the Federal Rules of Civil Procedure.

II.   PARTIES

2.1   Plaintiff Sally Halterman is an individual and resident of Florence, Williamson County, Texas.

2.2   Defendant United Parcel Service, Inc.[1] is an Ohio corporation registered with the Texas Secretary of State and regularly doing business in this District. Defendant can be served by delivering a copy of a summons and this complaint to its local Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

---

[1] "UPS."

### III. JURISDICTION AND VENUE

3.1 This Court has diversity-based subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Complete diversity of jurisdiction exists between Plaintiff, a Texas resident, and Defendant UPS, an Ohio Corporation. The amount in controversy exceeds $75,000, excluding interest and costs.

3.2 This Court has personal jurisdiction over the parties. Defendant UPS has sufficient minimum contacts with this District and has purposefully availed itself of the laws and markets of this district so as to not offend traditional notions of fair play and substantial justice.

3.3 This Court is the proper venue to hear this lawsuit pursuant to 28 U.S.C. 1391(a)(2). All or a substantial part of the events or omissions giving rise to the claim occurred in Williamson County, Texas.

### IV. PERTINENT FACTS

4.1 On or about October 26, 2009, Plaintiff Sally Halterman was in the course and scope of her employment as a purchasing manager with Scofield Construction Services, LLC[2] in Leander, Williamson County, Texas. In the course and scope of his employment with Defendant UPS, a deliveryman arrived Scofield's offices with a package that required a delivery signature. While Ms. Halterman was in the process of standing up to accept the electronic signature pad, the driver forcefully shoved the signature pad in her left hand before she could grab it with both hands. Her wrist violently twisted and she felt immediate pain.

4.2 As a direct and proximate result of the incident described above, Ms. Halterman suffered a severe wrist sprain with significant ulnar nerve injuries. Following the advice of her treating physicians, Ms. Halterman attempted to manage her severe pain through a variety of conservative medical treatments. Ms. Halterman's conservative treatment included extensive

---

[2] "Scofield."

physical therapy, injections, and splinting. The conservative treatments were unsuccessful. Ms. Halterman was forced to undergo multiple surgeries to correct the ulnar nerve injuries.

## V. CAUSES OF ACTION

A. *Count 1*: Negligence

5.1 Defendant UPS and its employees owed a duty of ordinary care to Plaintiff Halterman and its other customers. Defendant UPS, through the actions of its employee as outlined above, breached those duties. As a direct and proximate result of Defendant's breach, Plaintiff has suffered personal injuries and resulting damages in an amount to be determined at trial.

B. *Count 2:* Gross Negligence

5.2 Defendant UPS' employee's conduct as outlined above, when viewed objectively from Defendant UPS and its employee's standpoint, departed from the ordinary standard of care to such an extent that it created an extreme degree of risk of harming Plaintiff and others. Defendant UPS and its employee had actual, subjective awareness of the risks involved and chose to proceed in conscious indifference to the rights and welfare of Plaintiff and others. Defendant UPS and its employee's actions constitute willful misconduct. As a direct and proximate result, Plaintiff has suffered severe personal injuries and resulting damages in an amount to be proven at trial. Additionally, Defendant's gross negligence creates liability for exemplary (punitive) damages.

## VI. RESPONDEAT SUPERIOR

6.1 At all relevant times, the UPS employee that proximately caused the injuries to Plaintiff was in the course and scope of his employment with Defendant UPS. Accordingly,

Defendant UPS is vicariously liability for its employee's injuries through the doctrine of *respondeat superior*.

## VII.   DAMAGES

7.1   As a result of the injury making the basis of this lawsuit, Plaintiff's damages include the following:

    7.1.1   Medical expenses paid and incurred in the past;

    7.1.2   Medical expenses which will be incurred in the future;

    7.1.3   Past physical pain;

    7.1.4   Future physical pain;

    7.1.5   Past mental anguish;

    7.1.6   Future mental anguish;

    7.1.7   Past physical impairment;

    7.1.8   Future physical impairment;

    7.1.9   Disfigurement; and

    7.1.10   Lost income.

## VIII.   JURY DEMAND

8.1   Plaintiff demands a trial by jury and tenders the appropriate fee.

## IX.   PRAYER FOR RELIEF

Plaintiff prays that Defendant United Postal Service, Inc. be cited according to law to appear and answer herein, and that upon final trial, Plaintiff has judgment against Defendant UPS as follows:

1.   An award of actual damages as outlined above;

2.   An award of exemplary damages;

3. An award of pre-judgment interest;

4. An award of post-judgment interest

5. An award of taxable court costs; and

8. And other relief the Court determines is just under the circumstances.

    Respectfully submitted

    THE MEYERSON LAW FIRM, P.C.
    Terrace II
    2700 Via Fortuna Drive, Suite 145
    Austin, Texas 78746
    Phone: (512) 330-9001
    Fax:   (512) 330-9005

By: _____
    JEFF M. MEYERSON
    State Bar No. 00788051
    MARK MCLEAN
    State Bar No. 24062882
    ATTORNEYS FOR PLAINTIFF